**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 2:15-cv-14381-ROSENBERG/LYNCH**

MIGUEL R. PERALES, PATRICIA HETZEL-PERALES,
MIGUEL PERALES, JR., and LORI WOOD MARKUT,

      Plaintiffs,

v.

JENNIFER DALE HEARD, WILLIAM D. SNYDER,
and MARTIN COUNTY SHERIFF'S DEPARTMENT,

      Defendants.

_____/

**ORDER GRANTING SHERIFF'S MOTION TO VACATE DEFAULT**

**THIS CAUSE** is before the Court on the Motion to Vacate Default [DE 19] filed by Defendant William D. Snyder, the Sheriff of Martin County (hereinafter "the Sheriff"). Plaintiffs failed to file any response to the motion. For the reasons set forth below, the Motion [DE 19] is **GRANTED**.

**I.     PROCEDURAL HISTORY**

On November 6, 2015, Plaintiffs filed this action under the Driver Privacy Protection Act, the Fourth Amendment, the Fourteenth Amendment, and Florida common law. *See* DE 1. The Sheriff was served with process on November 9, 2015 via substitute service on an authorized agent. *See* DE 10. The Sheriff's response to the complaint was therefore due on November 30, 2015. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). When the Sheriff failed to timely respond, Plaintiffs obtained a Clerk's default against him on December 4, 2015. *See* DE 18. The Sheriff moved to vacate the default that same day. *See* DE 19.

1

## II.      LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) allows a court to set aside an entry of default on a showing of "good cause." The Eleventh Circuit has described good cause as "a mutable standard varying from situation to situation" that "is not susceptible to a precise formula." *Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1337 n.7 (11th Cir. 2014) (quoting *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996)). The Eleventh Circuit has nevertheless noted that the following factors may be relevant: (1) whether the default was culpable or willful; (2) whether setting the default aside would prejudice the non-moving party; (3) whether the defaulting party may have a meritorious defense; (4) whether the public interest was implicated; (5) whether there was significant financial loss to the defaulting party; (6) whether the defaulting party acted promptly to correct the default. *Perez*, 774 F.3d at 1337 n.7.

## III.      ANALYSIS

The Sheriff's counsel states that he was retained on November 10, 2015, but that he was either in trial or out of town almost continuously until December 3, 2015. *See* DE 19. On that date, counsel reviewed the filings in this case and realized an answer was overdue. *Id.* By that time, Plaintiffs had already moved for a default. *See* DE 15. The Sheriff's counsel moved to vacate the default the following day, December 4, 2015. *See* DE 19. The Sheriff has submitted a proposed answer listing eight affirmative defenses. *See* DE 19-1. The Court finds that the Sheriff has demonstrated good cause to vacate the default because he acted promptly to correct the default and may have meritorious defenses to Plaintiffs' claims. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant Sheriff's Motion to Vacate Default [DE 19] is **GRANTED**. The Sheriff shall separately file the answer attached to his motion, *see* DE 19-1, on or before Wednesday, February 10, 2016.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 5th day of February, 2016.

Copies furnished to:
Counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE