UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:15-cv-14381-ROSENBERG/LYNCH

MIGUEL R. PERALES, PATRICIA HETZEL-PERALES,
MIGUEL PERALES, JR., and LORI WOOD MARKUT,

    Plaintiffs,
v.

JENNIFER DALE HEARD, WILLIAM D. SNYDER,
and MARTIN COUNTY SHERIFF'S DEPARTMENT,

    Defendants.
_____/

## **ORDER DISMISSING THE MARTIN COUNTY SHERIFF'S OFFICE**

**THIS CAUSE** is before the Court on Defendant's (Martin County Sheriff's Office) Motion to Dismiss [DE 20]. The Sheriff's Office argues that the claims against it should be dismissed because the Sheriff's Office is not *sui juris* and, "[t]o the extent that a governmental entity is liable for the conduct as alleged, such suit is properly brought against the named office holder, in his official capacity." DE 20 at 4.

"Sheriff's departments and police departments are not usually considered legal entities subject to suit . . . , but 'capacity to sue or be sued shall be determined by the law of the state in which the district court is held.'" *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (quoting Fed. R. Civ. P. 17(b)). "Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued." *Faulkner v. Monroe Cty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013); *see also Jones v. Collier Cty. Sheriff's Dep't*, No. 95-232-CIV-FTM-17D, 1996 WL 172989, at *2 (M.D. Fla. Apr. 9, 1996) (dismissing claims against Collier County Sheriff's Office with prejudice because it "is merely the vehicle by which Collier County fulfills its policing function"); *Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. Dist. Ct. App.

1995) ("Where a police department is an integral part of the city government as the vehicle through which the city government fulfills its policing functions, it is not an entity subject to suit."). Thus, the Martin County Sheriff's Office is not a proper defendant. However, Plaintiffs' official-capacity claims against the current officeholder, Sheriff William D. Snyder, may proceed. *See* DE 1 at 2 ¶ 9 (Plaintiffs' Complaint, alleging that "Defendant, William D. Snyder . . . acted both in his individual capacity and in his official capacity as Sheriff[.]"); *see generally Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. . . . Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'").

Accordingly, Defendant's (Martin County Sheriff's Office) Motion to Dismiss [DE 20] is **GRANTED** and Defendant Martin County Sheriff's Office is **DISMISSED**.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 16th day of February, 2016.

Copies furnished to:
Counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE