UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:15-cv-14381-ROSENBERG/LYNCH

MIGUEL R. PERALES, *et al.*,

    Plaintiffs,

v.

JENNIFER DALE HEARD, *et al.*,

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT HEARD'S MOTION MORE DEFINITE STATEMENT

**THIS CAUSE** is before the Court on Defendant Heard's Motion for More Definite Statement [DE 27]. The Court has reviewed the motion, the response, *see* DE 40, and the reply, *see* DE 46. For the reasons discussed below, the Motion [DE 27] is **GRANTED IN PART** and **DENIED IN PART**.

### I. BACKGROUND

Plaintiffs bring claims under 42 U.S.C. § 1983, the Driver's Privacy Protection Act ("DPPA"), the Fourth Amendment, the Fourteenth Amendment, and Florida common law. *See* DE 1. The complaint alleges that Defendant Jennifer Dale Heard, a former deputy sheriff with the Martin County Sheriff's Office, *id.* at ¶¶ 7, 29, illegally accessed information about the Plaintiffs in the Driver and Vehicle Information Database ("DAVID"), in order to use that information in child custody litigation between her and Plaintiff Perales, *id.* at ¶ 31. Plaintiffs allege that Defendant Heard accessed Plaintiff Perales' DAVID records "beginning in 2007 and through 2012[.]" *Id.* at ¶ 35. The complaint also lists specific dates on which Defendant Heard allegedly accessed the DAVID records of each of the other Plaintiffs. *Id.* at ¶¶ 36-38.

1

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e). "In considering such a motion, the Court should be mindful of the liberal pleading requirements of the Federal Rules of Civil Procedure, pursuant to which a 'short and plain statement of the claim' will suffice." *Betancourt v. Marine Cargo Mgmt., Inc.*, 930 F. Supp. 606, 608 (S.D. Fla. 1996) (quoting Fed. R. Civ. P. 8(a)(2)). "A motion for more definite statement is not a substitute for discovery." *Id.*

## III.     ANALYSIS

Defendant Heard's motion for more definite statement raises thirteen alleged defects in the complaint. *See* DE 27 at 10-11 ¶¶ 1-13. On the whole, the Court finds that these alleged defects do not warrant relief because they do not render the Complaint "so vague and ambiguous that the [defendant] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).[1] However, the Court finds it appropriate to specifically address several of Defendant Heard's arguments.

First, Defendant Heard argues that the counts of the complaint must be broken up as to each Plaintiff in order for her to raise a statute of limitations defense. *See* DE 27 at 2, 10. However, the complaint alleges dates on which the illegal access occurred. *See* DE 1 at ¶¶ 35-38.

---

[1] For example, Defendant Heard argues that paragraph 21 of the complaint contains a typographical error in the statute citation, and that the complaint fails to attach "the policy of the State of Florida to comply with the provisions and requirements of the Driver Privacy Protection Act," as referred to in paragraph 28 of the complaint. Neither of these defects, even if they are defects, would affect Defendant Heard's ability to respond to the claims plead in the complaint.

If Defendant Heard believes that any of Plaintiff's claims are barred by the statute of limitations, she may raise this as an affirmative defense.

Second, Defendant Heard seeks more information as to Plaintiffs' damages, *see* DE 27 at 9, 11, and as to the alleged dissemination of DAVID information by Defendant Heard, *id.* at 3-4, 11. The Court finds that the complaint is sufficient to give Defendant Heard notice of the claims, as it alleges the nature of the damages sought and alleges that Defendant Heard "attempted to use the protected [DAVID] information against Perales and the other Plaintiffs (all Plaintiffs are connected to Perales in some way) in a paternity matter currently pending in the Circuit Court of the Nineteenth Judicial Circuit in and for Martin County." DE 1 at ¶ 81. Further information can be developed through discovery.

Finally, Defendant Heard attacks Counts VI and VII of the complaint. Count VI alleges that the DPPA "establishes that obtaining an individual's driver's license information without legitimate purpose constitutes an illegal search under the meaning of the Fourth Amendment" and that "Heard's access of Plaintiffs' personal information violated the laws of the State of Florida, the Fourth Amendment and the laws of the United States." DE 1 at ¶¶ 96-97. Count VII alleges that Defendant Sheriff Snyder is liable for these alleged Fourth Amendment violations because of a failure to "promulgate and/or enforce adequate rules, regulation[s] and procedures to prevent the illegal searches[.]" *Id.* at ¶ 104. In her motion for more definite statement, Defendant Heard argues:

> [P]laintiffs failed to describe how Heard's behavior constitutes a violation of the Fourth Amendment. The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. State driver license information is not a plaintiff, their house, their papers, or their effects. Heard needs the plaintiffs to narrow down what protectable interest under the Fourth Amendment has been invaded.

3

DE 27 at 6. In their response to the motion, Plaintiffs make clear that their Fourth Amendment claims are based on Defendant Heard's searches of the DAVID system, arguing: "Violations of the DAVID system constitute an illegal search" and a violation of "the right of the people to be secure." DE 40 at 2.

The Court construes Defendant Heard's argument as akin to a motion to dismiss because it goes to the heart of Plaintiffs' ability to state a claim under Counts VI and VII. The Eleventh Circuit has held that improper access to driver's license information protected by the DPPA does not implicate constitutional privacy rights. *See Collier v. Dickinson*, 477 F.3d 1306, 1308 (11th Cir. 2007) (finding defendants who violated the DPPA, by selling driver's license information to mass marketers, were entitled to qualified immunity on claim that they violated plaintiffs' constitutional right to privacy); *Pryor v. Reno*, 171 F.3d 1281, 1288 n.10 (11th Cir. 1999) *rev'd on other grounds*, 528 U.S. 1111 (2000) (rejecting government's argument that DPPA was valid exercise of Congress's power under Fourteenth Amendment, because "there is no constitutional right to privacy in motor vehicle record information which the DPPA enforces," since "an individual does not have a reasonable expectation that the information is confidential"). District courts in Florida have consistently dismissed Fourth Amendment claims based on DAVID searches for failure to state a claim. *See, e.g., Watts v. City of Hollywood, Florida*, -- F. Supp. 3d --, No. 15-61123-CIV, 2015 WL 7709671, at *13 (S.D. Fla. Nov. 17, 2015); *Ela v. Orange Cty. Sheriff's Office*, No. 6:13-CV-491-ORL-28, 2014 WL 325697, at *7 (M.D. Fla. Jan. 29, 2014); *Johansson v. Emmons*, No. 609-CV2053-ORL-19KRS, 2010 WL 457335, at *5 (M.D. Fla. Feb. 4, 2010).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Heard's Motion for More Definite Statement [DE 27] is **DENIED** as to Counts I through V. Because

Plaintiffs have now clarified that their Fourth Amendment claims in Counts VI and VII are based on the DAVID searches, and because this legally fails to state a claim for relief, Counts VI and VII of the Complaint are **DISMISSED WITH PREJUDICE**.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 31st day of March, 2016.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record